**JUDGE GOTTSCHALL**

UNITED STATES DISTRICT COURT MAGISTRATE JUDGE MASON
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. **0 8 CR    367** |
| | ) | |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 922(g)(1), and |
| | ) | 924(c)(1)(A), Title 21, United States |
| DION HARDEN | ) | Code, Section 841(a)(1).  **F I L E D** |

### COUNT ONE

MAY – 7 2008

The SPECIAL MARCH 2007 GRAND JURY charges:

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

On or about November 9, 2006, at Chicago, in the Northern District of Illinois, Eastern

Division,

DION HARDEN,

defendant herein, knowingly and intentionally distributed a controlled substance, namely, fifty grams

or more of a mixture and substance containing cocaine base in the form of "crack" cocaine, a

Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about January 11, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

DION HARDEN,

defendant herein, having been previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, namely, an R.G. Industries .38 caliber revolver, model RG40, bearing serial number R056528; which firearm was in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to the defendant's possession of the firearm;

In violation of Title 18, United States Code, Section 922(g)(1).

2

## COUNT THREE

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about March 31, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### DION HARDEN,

defendant herein, having been previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, namely, a Smith & Wesson .357 caliber revolver, model number 19-4, bearing serial number 49K7175; which firearm was in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to the defendant's possession of the firearm;

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FOUR

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about March 31, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### DION HARDEN

defendant herein, knowingly and intentionally possessed with the intent to distribute controlled substances, namely, approximately 3.8 grams of a mixture and substance containing cocaine, a Schedule II Narcotic Drug Controlled Substance, and approximately 111.6 grams of marijuana, a Schedule I Controlled Substance;

In violation of Title 21, United States Code, Section 841 (a)(1).

4

## COUNT FIVE

The SPECIAL MARCH 2007 GRAND JURY further charges:

On or about March 31, 2007, at Chicago, in the Northern District of Illinois, Eastern Division,

### DION HARDEN

defendant herein, knowingly possessed a firearm, namely, a Smith & Wesson .357 caliber revolver, model number 19-4, bearing serial number 49K7175, during and in relation to a drug trafficking crime, namely, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Four of this indictment, which crime may be prosecuted in a court of the United States, and possessed such firearm in furtherance of such drug trafficking crime;

In violation of Title 18, United States Code, Section 924(c)(1)(A).

## FORFEITURE ALLEGATION ONE

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations contained in Counts Two, Three and Five of this Indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

2.     As a result of his violations of Title 18, United States Code, Sections 922(g)(1), and 924 (c)(1)(A), as alleged in the foregoing Indictment,

### DION HARDEN,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all right, title, and interest he may have in any property involved in the charged offenses.

3.     The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), are an R.G. Industries .38 caliber revolver, model RG40, bearing serial number R056528, with three rounds of ammunition, and a Smith & Wesson .357 caliber revolver, model number 19-4, bearing serial number 49K7175, with six rounds of ammunition;

All pursuant to Title 18, United States Code, Section 924 (d)(1) and Title 28, United States Code, Section 2461(c).

6

## FORFEITURE ALLEGATION TWO

The SPECIAL MARCH 2007 GRAND JURY further charges:

1.     The allegations of Count Four of this indictment are realleged and incorporated herein by reference for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2.     As a result of his violation of Title 21, United States Code, Section 841, as alleged in the foregoing Indictment,

### DION HARDEN,

defendant herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2): (1) any and all property constituting and derived from, any proceeds the defendant obtained, directly and indirectly, as a result of the violations; and (2) any and all of property used, and intended to be used in any manner or part, to commit and facilitate the commission of the violations.

3.     The interests of the defendant subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 853, include, but are not limited to, the following: approximately $1,229.00 in cash seized from his residence on March 31, 2007.

4.     If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendant(s):

       a.     cannot be located upon the exercise of due dilligence;

       b.     has been transferred to, sold to, or deposited with a third person;

       c.     has been placed beyond the jurisdiction of the Court;

       d.     has been substantially diminished in value;

7

c.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property belongings to defendant under the provision of Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

8