

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 08 CR 367 |
| vs. ) | Judge Joan B. Gottschall |
| ) | |
| DION HARDEN ) | |

### PLEA AGREEMENT

1.  This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant DION HARDEN, and his attorney, KAAREN M. PLANT, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.  The indictment in this case charges defendant with distribution of a controlled substance, namely cocaine base in the form of "crack" cocaine, in violation of Title 21, United States Code, Section 841(a)(1); two counts of possessing a firearm after previously being convicted of a felony offense, in violation of Title 18, United States Code, Section 922(g); possession of a controlled substance, namely cocaine and marijuana, in violation of Title 21, United States Code, Section 841(a)(1); and possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code, Section 924(c).

3.  Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4. Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charges to Which Defendant is Pleading Guilty

5. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Counts One and Five of the indictment. Count One charges defendant with knowingly and intentionally distributing in excess of 50 grams of cocaine base, in the form of "crack" cocaine, in violation of Title 21, United States Code, Section 841(a)(1). Count Five charges defendant with knowingly possessing a firearm during and in relation to a drug trafficking crime, namely possession with intent to distribute a controlled substance, and in furtherance of this drug trafficking crime, in violation of Title 18, United States Code, Section 924(c). In addition, as further provided below, defendant agrees to the entry of a forfeiture judgment.

### Factual Basis

6. Defendant will plead guilty because he is in fact guilty of the charges contained in Counts One and Five of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt, and establish a basis for forfeiture of the property described elsewhere in this Plea Agreement:

    a. With respect to Count One of the indictment: On or about November 9, 2006, at Chicago, in the Northern District of Illinois, the defendant knowingly and intentionally distributed a controlled substance, namely, fifty grams or more of a mixture and

2

substance containing cocaine base in the form of "crack" cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). Specifically, on November 9, 2006, a confidential informant of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) met with the defendant near 89th and Marshfield in Chicago. At that time, the confidential informant provided the defendant with $1,350 in United States currency in exchange for 61.3 grams of cocaine base in the form of crack cocaine.

   b.  With respect to Count Five of the indictment: On or about March 31, 2007, at Chicago, in the Northern District of Illinois, the defendant knowingly possessed a firearm, namely a Smith & Wesson .357 caliber revolver, model number 19-4, bearing serial number 49K7175, during and in relation to a drug trafficking crime, namely, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), which crime may be prosecuted in a court of the United States, and possessed such firearm in furtherance of this drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

  Specifically, on March 31, 2007, the Chicago Police Department (CPD) executed a search warrant at 7750 S. Seeley, Third Floor Apartment, in Chicago. At that time, the defendant was present at the third floor residence and was observed throwing a Smith & Wesson .357 caliber revolver, model number 19-4, bearing serial number 49K7175, fully loaded, from the rear third floor window. This handgun was recovered by CPD officers at

the time of the search. Defendant had possessed this handgun for protection of his drug trafficking activities. When officers conducted a search of the third floor residence, officers found, among other items, 3.8 grams of cocaine, packaged in separate baggies for resale. In addition, officers found 111.6 grams of marijuana, packaged in four separate baggies for resale. Officers also recovered digital scales and baggies, which could be used for weighing and packaging of drugs. Defendant had used these items for packaging of crack cocaine and marijuana the night prior to the execution of the search warrant. While the defendant was packaging the above-described controlled substances, defendant also possessed the handgun previously described in this paragraph.

7. Defendant also acknowledges that for the purpose of computing his sentence under the Sentencing Guidelines, the following conduct, to which he stipulates, constitutes relevant conduct under Guideline §1B1.3:

    a. On or about January 11, 2007, at Chicago, in the Northern District of Illinois, defendant having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to the defendant's possession of the firearm, namely, an R.G. Industries .38 caliber revolver, model RG40, bearing serial number R056528, in violation of Title 18, United States Code, Section 922(g)(1).

b.　On or about March 31, 2007, at Chicago, in the Northern District of Illinois, defendant having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, in and affecting interstate commerce in that the firearm had traveled in interstate commerce prior to the defendant's possession of the firearm, namely, a Smith & Wesson .357 caliber revolver, model number 19-4, bearing serial number 49K7175 in violation of Title 18, United States Code, Section 922(g)(1).

c.　On or about March 31, 2007, at Chicago, in the Northern District of Illinois, defendant knowingly and intentionally possessed with the intent to distribute controlled substances, namely, approximately 3.8 grams of a mixture and substance containing cocaine, a Schedule II Narcotic Drug Controlled Substance, and approximately 111.6 grams of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

8.　The foregoing facts are set forth solely to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture, and are not intended to be a complete or comprehensive statement of all the facts within defendant's personal knowledge regarding the charged crimes and related conduct.

### Maximum Statutory Penalties

9.　Defendant understands that the charges to which he is pleading guilty carry the following statutory penalties:

  a.  Count One carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 10 years. Pursuant to Title 18, United States Code, Section 3561, defendant may not be sentenced to a term of probation on this count. Count One also carries a maximum fine of $4,000,000. Defendant further understands that with respect to Count One the judge also must impose a term of supervised release of at least five years, and up to any number of years, including life.

  b.  Count Five carries a maximum sentence of life imprisonment, and a statutory mandatory minimum sentence of 5 years. The sentence of imprisonment on Count Five is required to be consecutive to the sentence on Count One. Pursuant to Title 18, United States Code, Section 3561 defendant may not be sentenced to a term of probation on this count. Count Five also carries a maximum fine of $250,000. Defendant further understands that with respect to Count Five, the judge also may impose a term of supervised release of not more than five years.

  c.  In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

  d.  Therefore, under the counts to which defendant is pleading guilty, the total maximum sentence is life imprisonment, and the minimum sentence is 15 years' imprisonment. In addition, defendant is subject to a total maximum fine of $4,250,000, a period of supervised release, and special assessments totaling $200.

## Sentencing Guidelines Calculations

10. Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

11. For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2008 Guidelines Manual.

    b. **Offense Level Calculations.**

        i. The base offense level for the charge in to Count One of the indictment is Level 30, pursuant to Guideline § 2D1.1(c)(5).

        ii. The base offense level for the charge in Count Five of the indictment is determined by application of Guideline § 4B1.1(c).

        iii. Pursuant to Guideline § 4B1.1(c)(3), the defendant's guideline range for both offenses of conviction is 292 to 365 months because the defendant has been convicted of 18 U.S.C. §924(c) and 21 U.S.C. § 841(a)(1), and because the defendant receives a two-level reduction for acceptance of responsibility.

      iv.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

      c.    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government and stipulated below, defendant's criminal history points equal 5. However, based on the nature of the defendant's prior convictions, and the charges to which the defendant is pleading guilty, defendant's criminal history category is VI, pursuant to Guideline § 4B1.1(b).

      i.    On April 11, 2001, in the Circuit Court of Cook County, in case number 00 CR 2151001, the defendant was convicted after a plea of guilty of manufacturing and delivering a controlled substance, for which he received a sentence of 2 years' probation.

      ii.    On April 11, 2001, in the Circuit Court of Cook County, in case number 00 CR 2728301, the defendant was convicted after a plea of guilty to manufacturing and delivering a controlled substance, for which he received a sentence of 2 years' probation.

   iii. On April 17, 2001, in the Circuit Court of Cook County, in case number 06 CR 399901, the defendant was convicted after a plea of guilty to possession of a controlled substance, for which he received a sentence of two years imprisonment.

  d. **Anticipated Advisory Sentencing Guidelines Range.** Therefore, based on the facts now known to the government, the anticipated advisory Sentencing Guidelines range is 292 to 365 months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose. Defendant also acknowledges that he is subject to a statutory minimum sentence of 10 years' imprisonment as to Count One, and 5 years' consecutive as to Count Five. Therefore, in total, defendant faces a statutory mandatory minimum sentence of 15 years' imprisonment.

  e. Defendant and his attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f.  Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

### Cooperation

12. Defendant agrees he will fully and truthfully cooperate in any matter in which he is called upon to cooperate by a representative of the United States Attorney's Office for the Northern District of Illinois. This cooperation shall include providing complete and truthful information in any investigation and pre-trial preparation and complete and truthful testimony in any criminal, civil or administrative proceeding.

### Agreements Relating to Sentencing

13. The government agrees to recommend that sentence be imposed within the applicable guidelines range, subject to the statutory mandatory minimum, pursuant to Guideline §5G1.1, and to make no further recommendation concerning at what point within the range sentence should be imposed.

14. It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

15. The parties further agree, pursuant to Title 18, United States Code, Section 3583(d), that the sentence to be imposed by the Court shall include, as a condition of any term of supervised release imposed in this case, a requirement that defendant repay the United States $1,650 as compensation for government funds that defendant received during the investigation of the case.

16. Defendant agrees to pay the special assessment of $200 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

17. At the time of sentencing, the government will move to dismiss the notice of prior conviction relating to defendant filed pursuant to Title 21, United States Code, Section 851.

18. After sentence has been imposed on the counts to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to this defendant.

11

## Forfeiture

19. The indictment charges that defendant has subjected real and personal property to forfeiture, namely a Smith & Wesson .357 caliber revolver, model number 19-4, bearing serial number 49K7175, with six rounds of ammunition, because that property is contraband. By entry of a guilty plea to Count Five of the indictment, defendant acknowledges that the property identified above is subject to forfeiture.

20. Defendant agrees to the entry of a forfeiture judgment against the property identified above, in that this property is subject to forfeiture. Prior to sentencing, defendant agrees to the entry of a preliminary order of forfeiture relinquishing any right of ownership he has in the a Smith & Wesson .357 caliber revolver, model number 19-4, bearing serial number 49K7175, with six rounds of ammunition, and further agrees to the seizure of this property so that this property may be disposed of according to law. Defendant is unaware of any third party who has an ownership interest in, or claim to, the property subject to forfeiture.

21. Defendant understands that forfeiture of this property shall not be treated as satisfaction of any fine, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to the forfeiture judgment.

## Presentence Investigation Report/Post-Sentence Supervision

22. Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of

defendant's conduct regarding the charges against him, and related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing, including the nature and extent of defendant's cooperation.

23. Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of his sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

24. For the purpose of monitoring defendant's compliance with his obligations to pay a fine during any term of supervised release to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient

evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

25. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 08 CR 367.

26. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

27. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. **Trial rights.** Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

    i.  The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

    ii.  If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

    iii.  If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

    iv.  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.    At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.      **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 10 days of the entry of the judgment of conviction.

c.      Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

28. By entering this plea of guilty, defendant also waives any and all right the defendant may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. Defendant fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

## Other Terms

29. Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

## Conclusion

30.  Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

31.  Defendant understands that his compliance with each part of this Plea Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

32.  Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

33. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

34. Defendant acknowledges that he has read this Plea Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: Dec. 15, 2008

PATRICK J. FITZGERALD
United States Attorney

DION HARDEN
Defendant

DONALD R. LORENZEN
Assistant U.S. Attorney

KAAREN M. PLANT
Attorney for Defendant